**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA, LAFAYETTE DIVISION**

**PROGRESSIVE HEALTHCARE SOLUTIONS, INC.**

**versus**

**UNITED HEALTHCARE SERVICES, INC.**

**CIVIL ACTION NO.**

**JUDGE**

**UNITED STATES MAGISTRATE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

NOW COMES plaintiff, Progressive Healthcare Service, Inc., to bring this action against defendant, United Healthcare Services. Inc. (hereinafter "United Healthcare"), and who now alleges and avers as follows:

**A. PARTIES**

**1.**

Plaintiff, Progressive Healthcare Solutions, L.L.C. (hereinafter "Progressive") is a limited liability company organized under and by virtue of the laws of the State of Louisiana with its principal place of business in Lafayette, Louisiana.  Progressive is a vendor of medical implants such as plates and screws which are surgically implanted to address a patient's spinal instability and pain.

1

**2.**

Defendant, United Healthcare, is a foreign corporation doing business within the jurisdiction of this Honorable Court with its principal place of business in Minnetonka, Minnesota.

## B.  JURISDICTION AND VENUE

**3.**

This Court has jurisdiction under 28 U.S.C. Section 1332 since the amount in controversy exceeds $75,000 and there is complete diversity between plaintiff, Progressive, and defendant, United Healthcare.

**4.**

Venue is proper in the United States District Court for the Western District of Louisiana-Lafayette Division, under 28 U.S.C. Section 1391 since a substantial part of the events or omissions giving rise to plaintiff's claim occurred in and defendants are subject to personal jurisdiction in this District.

## C.  FACTS

**5.**

Dr. Ilyas Munshi is a resident of Lafayette, Louisiana and a board certified neurosurgeon with his practice located in Lafayette, Louisiana. In the course of Dr. Munshi's practice, he frequently implants plates

secured with screws to address his patients' spinal instability and pain. Dr. Munshi procures plates, screws and similar medical hardware from plaintiff, Progressive.

**6.**

United Healthcare provides health insurance to many of Dr. Munshi's patients who require spinal surgery with implantation. Dr. Munshi obtains authorization from United Healthcare for any planned surgeries involving a United Healthcare insured patient prior to surgery. Dr. Munshi contacts United Healthcare to determine if a planned surgery is covered by the patient's United Healthcare policy and if Dr. Munshi and Progressive can obtain payment for their medical services.

**7.**

Dr. Munshi received written authorizations, attached hereto as Exhibits 1 though 7, from United Healthcare for the following patients identified by their United Healthcare service reference or authorization numbers, which confirmed coverage for the implantation of medical hardware by Dr. Munshi procured from plaintiff, Progressive:

1. United Healthcare authorization for surgery with implantation of medical hardware service reference No. 9540434900 dated March 16, 2016;

2. United Healthcare authorization for surgery with implantation of medical hardware authorization number 9425482100 dated February 2, 2016;

3. United Healthcare authorization for surgery with implantation of medical hardware service reference number 9916269701 dated June 17, 2016;

4. United Healthcare authorization for surgery with implantation of medical hardware service reference number 8847427801 dated June 17, 2016;

5. United Healthcare authorization for surgery with implantation of medical hardware service reference number A000734555 dated July 7, 2016;

6. United Healthcare authorization for surgery with implantation of medical hardware service reference number 8530866401 dated July 7, 2016;

7. United Healthcare authorization for surgery with implantation of medical hardware service reference number 8577436901 dated March 29, 2015.

**8.**

Dr. Munshi sent United Healthcare details about the proposed surgeries involving United Healthcare insureds which United Healthcare confirmed were covered by the patient's plan and agreed were medically necessary.  United Healthcare further confirmed its knowledge of the Progressive medical hardware intended to be surgically implanted and assigned "procedure codes" for such hardware.

**9.**

United Healthcare knew or should have known that Dr. Munshi submitted details of proposed surgeries involving United Healthcare insureds for the sole and exclusive purpose of confirming that Dr. Munshi and Progressive would be paid by United Healthcare for the medical services they intended to render to United Healthcare's insureds.

**10.**

Medical providers like Dr. Munshi and Progressive customarily communicate with plan agents, including those of United Healthcare, to verify eligibility and coverage.  When United Healthcare verifies coverage and discusses payment to a third-party medical provider in written authorizations such as Exhibits 1 through 7, United Healthcare knows or should know the commercial implications to a medical provider like

Progressive of its assurances which in their practical context are assurances that Progressive could expect to be paid the reasonable and customary charges for medical hardware surgically implanted into United Healthcare insureds. United Healthcare knew or should have known that Dr. Munshi had no purpose other than to confirm that his patients had health insurance coverage and that United Healthcare would pay for the medical services he and Progressive rendered to United Healthcare's insureds.

**11.**

United Healthcare had a duty when responding to the inquiries of Dr. Munshi and Progressive to disclose alleged reasons that plaintiff would not or could not be paid for their authorized medical services.  United Healthcare negligently misled Dr. Munshi and Progressive by its partial disclosures and/or omissions that patients under the care of Dr. Munshi had coverage under a United Healthcare policy, but that Progressive would not be paid for reasons known only to United Healthcare.

**12.**

Dr. Munshi and Progressive reasonable believed that they obtained written confirmation from United Healthcare that they would paid for

their medical services, a reasonable belief reinforced by the authorizations' explicit discussion of payment, including:

1. Advice to United Healthcare insureds that, "You typically pay less when you receive medical services" from a medical provider that is part of the insured's network;
2. "we recommend you ask about the charges for services before you receive care; and
3. "Payment is based on information in the submitted claim…" Exhibit 1.

### 13.

After Dr. Munshi received the above referenced authorizations from United Healthcare and performed the authorized surgeries and implantation of medical hardware, plaintiff Progressive submitted claims to United Healthcare for the costs of such hardware.  The amount of the claims Progressive submitted in connection with the patients in the order referenced above were:

1: $21,588.70

2: $69,223.70

3: $56,597.19

4: $13,553.22

5: $105,316.00

6: $81,843.50

7: $41,817.30

**TOTAL AMOUNT DUE:   $389,939.61.**

**14.**

Progressive has made demand upon United Healthcare for payment of the medical hardware used by Dr. Munshi in the performance of his surgeries.  However, United Healthcare has refused to pay Progressive for obtuse, incomprehensible and often changing reasons which United Healthcare did not disclose to Dr. Munshi and/or Progressive prior to the surgeries at issue, including:

a. "This service is not reimbursable for this provider in this place of service;

b. "Payment is denied when performed/billed by this type of provider in this type of facility";

c. "surgical implants are reimbursed to the facility and are not separately reimbursable;

d. "the medical documentation does not meet the required elements for billing the service".

e. "Not covered when performed in this place of service"; and

    f. "The provider should seek reimbursement from the facility where services were rendered."

### 15.

After defendant, United Healthcare, initially denied payment to Progressive, United Healthcare caused plaintiff to believe that it could or would eventually be paid by claiming that plaintiff could appeal defendant's initial denials of payment, that for several months if not years decisions by United Healthcare on payment were pending or still under review and/or that payment could be forthcoming if plaintiff filed its claim for payment again under a variety of different "codes", among other reasons.

### 16.

Plaintiff, Progressive, does not make claim against United under the terms and conditions of the United Healthcare insurance policies issued to Dr. Munshi's patients. Progressive likewise does not make claim against United Healthcare as an assignee of rights by Dr. Munshi's patients under their United Healthcare insurance policies or as a beneficiary of such plans. Rather, Progressive seeks payment based upon United Healthcare's negligent misrepresentation that United Healthcare's policies would provide payment for the reasonable and customary cost Progressive's

medical hardware.  Progressive is further entitled to payment due to Progressive's detrimental reliance upon United Healthcare's written assurances of payment and avers that United Healthcare is barred under the doctrine of promissory estoppel from denying payment to Progressive.

### 17.

United Healthcare negligently misrepresented to Progressive that it would be paid its reasonable charges for the medical hardware provided to the United Healthcare insured patients of Dr. Ilyas Munshi, causing Progessive to suffer the damages at issue.

### 18.

Progressive detrimentally relied upon and suffered the damages complained of since United Healthcare knew or should have known that its promises of insurance coverage and payment to Progressive would induce Progressive to rely upon United Healthcare's promise to pay, all to Progressive's detriment, and the Progressive was reasonable in so relying. United Healthcare knew or should have known that Dr. Munshi and plaintiff had no reason to contact United Healthcare and discuss planned surgery involving United Healthcare's insureds other than to confirm that United Healthcare would pay for the medical services he and Progressive rendered to United Healthcare's insureds.

**19.**

United Healthcare is estopped from denying payment to Progressive under the concept of promissory estoppel.

**20.**

Plaintiff, Progressive, prays for trial by jury.

WHEREFORE, after due proceedings had plaintiff, Progressive Healthcare Service, Inc., prays that this Honorable Court grant plaintiff the relief sought, that judgment be entered in favor of plaintiff against United Healthcare Services. Inc. for compensatory damages, interest and costs, and for all such further relief as this Court may deem just.

Respectfully submitted,

s/ Mark L. Ross

_____
Mark L. Ross, Bar roll no. 11477
600 Jefferson Street, Suite 512
Lafayette, La. 70501
Telephone (337) 266-2345
Facsimile (337) 266-2346

.

**PLEASE SERVE**

United Healthcare Services. Inc.
Through its registered agent for service of process:

CT Corporation System
5615 Corporate Blvd, Suite 400B
Baton Rouge, La.  70808